[Criminal No. 187.   Filed March 30, 1905.]

[80 Pac. 389.]

FRANCISCO MAPULA, and DIONICIO JURADO, Defendants and Appellants, v. TERRITORY OF ARIZONA, Plaintiff and Respondent.

1. CRIMINAL LAW—INDICTMENT—MURDER—AGGRAVATED ASSAULT—INCLUDED OFFENSES—REV. STATS. ARIZ. 1901, PEN. CODE, SEC. 974, CONSTRUED.—Under section 974, *supra,* providing that a defendant may be found guilty of any offense, "the commission of which is necessarily included in that with which he is charged," a conviction for an aggravated assault under an indictment charging murder, and setting forth circumstances which in themselves constitute an aggravated assault, will be sustained.

2. SAME—SAME—SAME—INDICTMENT—SUFFICIENCY—REV. STATS. ARIZ. 1901, PEN. CODE, SEC. 215, CONSTRUED.—An indictment charging

in effect that defendants assaulted and inflicted "certain mortal injuries" upon the deceased, is sufficient to charge an aggravated assault under section 215, *supra,* providing that an aggravated assault is committed "when a serious bodily injury is inflicted upon the person assaulted," the words "mortal injuries" being taken as the equivalent of "serious bodily injuries."

3. CRIMINAL LAW—ASSAULT—INDICTMENT—SUFFICIENCY—REV. STATS. ARIZ. 1901, PEN. CODE, SEC. 831, CONSTRUED.—Under section 831, *supra,* providing that "words used in an indictment are construed in their usual acceptance in common language, except such words and phrases as are defined by law, which are construed according to their legal meaning," it is not necessary in charging an assault to allege that the defendant had the "present ability to commit a violent injury," the word "assault" being sufficiently "defined by law" and "by usual acceptance in common language" to authorize its use without defining it.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Graham. Fletcher M. Doan, Judge. Affirmed.

The facts are stated in the opinion.

Edwards & McFarland, for Appellants.

There can be no conviction for an aggravated assault unless the aggravating matter is set out in the indictment.

In this case the party assaulted was a female, but the indictment failing to allege that the assaulting parties were adult males, it is insufficient to charge the offense of aggravated assault. *Griffin* v. *State,* 12 Tex. App. 423; *Lawson* v. *State,* 13 Tex. App. 83; *Flynn* v. *State,* 8 Tex. App. 368.

Both an assault and a battery are statutory offenses in the territory of Arizona, and these offenses must be described according to their statutory definitions, for that is necessary to show that the acts constituting the offenses are in violation of the statute. *Adell* v. *State,* 34 Ind. 543.

In charging an assault under our statute the "present ability to commit a violent injury" must be alleged. Pen. Code, sec. 207; *State* v. *Hubbs,* 58 Ind. 415; *Howard* v. *State,* 67 Ind. 401.

Joseph H. Kibbey, Attorney-General, and Charles L. Rawlins, District Attorney, for Respondent.

SLOAN, J.—The appellants in the district court of Graham County were tried upon a charge of murder, and convicted, and sentenced for an aggravated assault. The indictment, omitting the formal parts, reads as follows: "Francisco Mapula and Dionicio Jurado are accused by the grand jury of the county of Graham, territory of Arizona, duly impaneled and sworn, by this indictment, found this 5th day of April, A. D. 1904, of the crime of murder, committed as follows: The said Francisco Mapula and Dionicio Jurado, on or about the 8th day of September, A. D. 1903, and before the finding of this indictment, at the county of Graham, territory of Arizona, willfully, unlawfully, feloniously, with malice aforethought, and deliberate premeditation, in and upon one Annie Beanes, an assault did make, in some way or manner, and by some means, instrument, and weapon to the grand jurors unknown, they, the said Francisco Mapula and Dionicio Jurado, did then and there willfully, unlawfully, feloniously, with malice aforethought, and deliberate premeditation, inflict on and create in the said Annie Beanes certain mortal injuries, a further description whereof is to the grand jurors unknown, of which said mortal injuries, to the grand jurors unknown, the said Annie Beanes afterwards, to wit, on or about the 7th day of October, A. D. 1903, in the county of Graham, territory of Arizona, did die. And so the grand jurors aforesaid, upon their oaths aforesaid, do say that they the said Francisco Mapula and Dionicio Jurado her, the said Annie Beanes, in the manner and form aforesaid, then and there willfully, unlawfully, feloniously, with malice aforethought, and deliberate premeditation, did kill and murder. Contrary to the statute in such case made and provided and against the peace and dignity of the territory of Arizona."

It is contended by counsel for appellants that the judgment of conviction cannot be sustained, for two reasons: 1. Because the crime of an aggravated assault is not, nor can it be, by any pleading, included as a lesser offense in a charge of murder; and 2. Because the facts stated in the indictment in this case do not set forth the particular circumstances necessary to constitute the offense of an aggravated assault under the statute.

At common law one could not be indicted and tried for murder and be convicted of any offense less than manslaugh-

ter, and in no case could one be convicted of a misdemeanor upon an indictment charging a felony, even though such misdemeanor be included in such felony as a constituent part. This rule has been generally abrogated by statute in this country. Section 974 of the Penal Code provides that a defendant may be found guilty of any offense "the commission of which is necessarily included in that with which he is charged." It must be admitted that the narrow and precise meaning of the language of the statute would limit the lesser offense of which a defendant may be convicted to such as is necessarily included in any charge of the commission of the greater offense. The construction put upon this statute heretofore is that a defendant may be convicted of any lesser offense included in the greater, when the facts constituting the lesser offense properly appear in the indictment. Thus in a number of cases this court has held that a conviction for an assault with a deadly weapon will be sustained under an indictment charging an assault with a deadly weapon with intent to commit murder. *Territory* v. *West,* 4 Ariz. 212, 36 Pac. 207; *Territory* v. *Evans,* 4 Ariz. 257, 36 Pac. 209. The supreme court of California has similarly construed the statute of that state, of which our statute is an exact copy. *People* v. *English,* 30 Cal. 218. While an assault with intent to commit murder necessarily includes as an essential element a simple assault, it may not include an assault with a deadly weapon, for assaults with intent to commit murder may be committed without the use of such weapons. The element of assault enters into every charge of murder. If an indictment charging an assault with a deadly weapon with intent to commit murder can be said to include necessarily an assault with a deadly weapon, logically the latter offense must likewise be said to be included within a charge of murder when the indictment sets forth that the assault was made by the use of a deadly weapon. The crime of an assault with a deadly weapon is no more a necessary element of the crime of murder than is an aggravated assault, and, if one be necessarily included in a charge of murder, where the particular circumstances constituting it are set forth in the indictment, the other must also be included, if similarly pleaded. We hold, therefore, that a conviction for an aggravated assault under an indictment charging murder and setting forth cir-

cumstances which in themselves constitute an aggravated assault will be sustained. The indictment in this case charges, in effect, that the defendants assaulted and inflicted "certain mortal injuries" upon the deceased. It is contended that this allegation is insufficient to charge an aggravated assault under section 215 of the Criminal Code, defining the crime of an aggravated assault. The fifth subdivision of said section provides that an aggravated assault is committed "when a serious bodily injury is inflicted upon the person assaulted." As used, the words "mortal injuries" must be taken as the equivalent of "serious bodily injuries." Every serious bodily injury is not necessarily mortal, but every mortal injury must necessarily be a serious bodily injury. The particular circumstances necessary to constitute an aggravated assault under the subdivision of the section quoted are sufficiently charged in the indictment. It is not necessary, as argued by counsel for the appellants, in charging a commission of assault under our statute, that it be alleged the defendant had the "present ability to commit a violent injury." This court has held in *Territory* v. *West, supra,* that it is not necessary that all the elements of the assault, as defined by the statute, be set forth in an indictment. The word "assault" is sufficiently "defined by law" and "by usual acceptance in common language" to authorize its use in this way under section 831 of the Penal Code.

The judgment is affirmed.

KENT, C. J., and DAVIS, J., concur.