[Criminal No. 267.   Filed March 20, 1909.]

[100 Pac. 448.]

## GEORGE HIGH, Defendant and Appellant, v. TERRITORY OF ARIZONA, Respondent.

1. RAPE — ASSAULT TO RAPE — INDICTMENT.—Where an indictment charged accused with the crime of "assault with intent to commit rape," committed, etc., in that accused did willfully, unlawfully, and feloniously on and upon M., a female under seventeen, make an assault with the willful, unlawful and felonious intent then and there to feloniously and carnally know her, it was not defective for failure to sufficiently charge an assault, the doing of an overt act being necessarily included in the carrying out of an attempt to commit a violent injury to the person of another.

2. RAPE—ASSAULT TO RAPE—ACTUAL FORCE.—An indictment for an assault to rape, charging that defendant committed an assault with intent to commit rape, in that he made a felonious assault on M., a female under seventeen, with the felonious intent to ravish and carnally know her, etc., was not defective for failure to charge that actual force or violence was done or attempted in furtherance of defendant's alleged intent.

3. RAPE—TRIAL—MISLEADING INSTRUCTIONS.—In a prosecution for an assault with intent to rape, after giving the statutory definition of assault, a charge that he did not consider any amount of violence or force necessary for the commission of an assault, which might be committed by a man approaching another in a threatening attitude and drawing back his fist, or by pointing a weapon at another, while subject to criticism, was not so misleading as to constitute reversible error.

4. CRIMINAL LAW—NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—A new trial cannot be granted accused for newly discovered evidence which is cumulative.

5. CRIMINAL LAW—NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DILIGENCE.—A new trial will not be granted for newly discovered evidence where there is an entire absence of diligence in its procurement.

APPEAL from a judgment of the District Court for the Fifth Judicial District, in and for the County of Graham. Fletcher M. Doan, Judge. Affirmed.

The facts are stated in the opinion.

L. Kearney, for Appellant.

The phrasing of the indictment "make an assault with the willful, unlawful and felonious intent then and there to unlawfully and feloniously ravish and carnally know her," etc., is not the statement of the acts as required by section 824, Arizona Statutes, nor is the particular circumstances of the offense charged as required by section 826, Arizona Statutes, nor is subdivision 6 of section 833, Penal Code of Arizona, complied with. *State* v. *Murray,* 41 Iowa, 580; *People* v. *Hamilton,* 71 Mich. 340, 38 N. W. 921. Where the statute is general, the particular acts must be stated. *People* v. *Perals,* 141 Cal. 582, 75 Pac. 170; *People* v. *Webber,* 138 Cal. 149, 70 Pac. 1089; *Daggs* v. *Territory,* 11 Ariz. 446, 94 Pac. 1106.

Under the Arizona Statutes an assault may be committed in many ways. Secs. 211, 212 and 215. The pleader should so particularize as to inform the defendant of the particular acts constituting the assault with which he is charged. *Adell* v. *State,* 34 Ind. 544; *People* v. *Jones,* 123 Cal. 301, 55 Pac. 992.

To constitute an assault, there must be unlawful violence on the person of another. *Carter* v. *State,* 44 Tex. Cr. 312, 70 S. W. 972; *Hudson* v. *State,* 49 Tex. Cr. 24, 90 S. W. 177, 178; *Graybill* v. *State,* 41 Tex. Cr. 287, 53 S. W. 851.

E. S. Clark, Attorney General, for Territory.

SLOAN, J.—The appellant was convicted in the court below for the crime of an assault with intent to commit rape. He has appealed from the judgment and from the order overruling his motion for a new trial.

The indictment, omitting the caption, reads as follows: "George High is accused by the grand jury of the county of

Graham, territory of Arizona, duly impaneled and sworn, by this indictment, found the twenty-sixth day of April, A. D. 1907, of the crime of 'assault with intent to commit rape,' committed as follows: The said George High, on or about the twentieth day of November, A. D. 1906, and before the finding of this indictment, at the county of Graham, territory of Arizona, did willfully, unlawfully, and feloniously on and upon one Leona Marshall, a female, under the age of seventeen years, make an assault with the willful, unlawful, and felonious intent then and there to unlawfully and feloniously ravish and carnally know her, the said Leona Marshall, and accomplish with her, the said Leona Marshall, an act of sexual intercourse, the said Leona Marshall then and there not being the wife of the said George High.'' A demurrer was interposed to the indictment, which was overruled by the trial court. This ruling is assigned as error by appellant. It is contended by counsel for appellant that the indictment is bad, in the first place, because the assault is not sufficiently alleged; and in the second place, because there is no allegation that actual force or violence was done or attempted, or that any overt act was committed in furtherance of the alleged intent of the defendant. There is necessarily included within every assault, as defined by our statute, the idea of the doing of some overt act in the carrying out of an attempt to commit some violent injury to the person of another. This court has held that in an indictment charging an aggravated assault it is not necessary to specifically set forth all the elements of the assault contained in the statutory definition. *Mapula* v. *Territory,* 9 Ariz. 199, 80 Pac. 389. In this we followed a long line of decisions of the supreme court of California, some of them antedating the adoption of our Penal Code. The case of *People* v. *English,* 30 Cal. 214, illustrates the holding of that court. It must be admitted that the general rule of criminal pleading does not permit of such a degree of generalization. The rule is, quoting the language of the supreme court of the United States in *Evans* v. *United States,* 153 U. S. 587, 14 Sup. Ct. 936, 38 L. Ed. 830: "The crime must be charged with precision and certainty, and every ingredient of which it is composed must be accurately and clearly alleged.'' The exception to this rule is that an offense may be charged in the words of a statute where the

latter "fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense." *United States* v. *Carll*, 105 U. S. 611, 26 L. Ed. 1135. It is, as we have said in *Mapula* v. *Territory*, upon the theory that the term "assault" has a precise and definite meaning given by statute, and also by "usual acceptance in common language," that its use in this way is authorized. Pen. Code 1901, sec. 831.

Although the point has not been decided by us or, so far as we have been able to discover, by the supreme court of California, yet, following out the logic of the Mapula case and of analogous California cases, if the specific acts constituting the assault need not be alleged in an indictment charging an aggravated assault or one charging an assault with a deadly weapon or one charging an assault with intent to murder, we see no reason why the like generalization may not be made in the case of an indictment charging an assault with intent to commit rape. As we have said, one of the essential elements of an assault being some overt act of attempted physical violence, the charge in the indictment that the defendant committed an assault upon Leona Marshall includes by implication the charge that such overt act was done by him. The facts pleaded in the indictment in this case show that the crime of rape would have been committed if the alleged intent of the defendant had been carried out; and, as we hold that the charge that an assault had been committed by implication includes the charge that he did some overt act of attempted physical violence to carry his intent into effect, we hold the indictment to be good.

The instructions of the court are complained of. The court in charging the jury gave the statutory definition of an assault, and in addition said: "I don't think I can instruct the jury any more fully on that subject than in the language of the statute that I had before used. I do not consider that any amount of violence or force can properly be said to be necessary for the commission of an assault. If I approach a man in a threatening attitude, and draw back my fist, it is an assault without any force being added. If I point a pistol toward a man, it is an assault with a deadly weapon without any more force than the lifting of your pistol." While the language of the court is open to criticism,

yet, taken as a whole, the instruction implies that a demonstration of violence or some overt act done which amounts to an attempt at violence, although no actual violence be inflicted, is a sufficient display of force to constitute an assault, and such is the law. We do not think the jury could have been misled by the instruction, and therefore do not find that it contained reversible error. We do not find that the trial court erred in overruling the motion for a new trial based upon the alleged newly discovered evidence. This evidence was at best cumulative, and there is an entire absence of any showing of diligence in its procurement. The remarks of the district attorney complained of, made during the argument to the jury, while censurable, were not, in our judgment, sufficiently harmful to the defendant to call for a reversal of the judgment.

We think the evidence sustains the verdict, and, as we find no reversible error in the record, the judgment is affirmed.

KENT, C. J., and CAMPBELL, J., concur.

NOTE.—For cumulative evidence as ground for new trial, see note to *State* v. *Stowe* (Wash.), 14 L. R. A. 609.