[Criminal No. 886.   Filed January 15, 1940.]

[97 Pac. (2d) 925.]

ARTHUR MOORE, Appellant, v. THE STATE OF ARIZONA, Respondent.

Mr. C. H. Young, for Appellant.

Mr. Joe Conway, Attorney General, and Mr. Albert M. Garcia, Assistant Attorney General, for Respondent.

McALISTER, J.—Appellant was convicted of the crime of assault with intent to commit rape, and from a judgment of conviction and an order denying his motion for a new trial he appeals.

The first error attacks the sufficiency of the information, the charging portion of which reads as follows:

"The said Arthur Moore on or about the 20th day of March, 1939, and before the filing of this information at and in the county of Maricopa, State of Arizona, did then and there, wilfully, unlawfully, feloniously, violently and forcibly make an assault upon one Ida Mae Clark, a female not then and there the wife of the said Arthur Moore, with the intent then and there, feloniously and by force and violence, to carnally know and ravish the said Ida Mae Clark, and accomplish with her an act of sexual intercourse, against her will and without her consent, that the said Arthur Moore is an adult male person."

No demurrer to this information was interposed, but after conviction its sufficiency was questioned in the motion for a new trial and in arrest of judgment made upon the ground that it fails to charge "all of the elements entering into the statutory description of the offense" under section 4596, Revised Code of 1928, which, so far as pertinent here, reads as follows:

"Rape is an act of sexual intercourse accomplished with a female, not the wife of the perpetrator, under

any of the following circumstances: Where the female is under the age of eighteen years; . . . where she resists, but her resistance is overcome by force or violence; where she is prevented from resisting by threats of immediate and great bodily harm, accompanied by apparent power of execution, . . . ''

It is insisted that the information does not state the offense of assault with intent to commit rape because it does not allege the acts constituting the assault and that the prosecutrix resisted those acts. It is argued that the words, ''wilfully, unlawfully, feloniously, violently and forcibly'' do not show the means used to effect the rape, and that respondent is not permitted to charge an assault generally and let the testimony fill out and complete the information. In support of this view, appellant cites *Daggs* v. *Territory,* 11 Ariz. 446, 94 Pac. 1106, in which it was held that an indictment very similar to that in this case did not state the offense of assault with intent to commit rape because it failed to charge that the intent was to accomplish the act without the prosecutrix' consent and against her resistance. However, this holding was in effect overruled a year later in *High* v. *Territory,* 12 Ariz. 146, 100 Pac. 448, 449, when the court held that an indictment for assault with intent to commit rape in practically the same language as that in the Daggs case and the information in this one was not defective for failure to charge sufficiently an assault, since the doing of an overt act is necessarily included in an attempt to commit a violent injury. It used this language:

'' . . . It is contended by counsel for appellant that the indictment is bad, in the first place, because the assault is not sufficiently alleged; and, in the second place, because there is no allegation that actual force or violence was done or attempted, or that any overt act was committed in furtherance of the alleged intent of the defendant. There is necessarily included within

every assault, as defined by our statute, the idea of the doing of some overt act in the carrying out of an attempt to commit some violent injury to the person of another. This court has held that in an indictment charging an aggravated assault it is not necessary to specifically set forth all the elements of the assault contained in the statutory definition. *Mapula* v. *Territory,* 9 Ariz. 199, 80 Pac. 389. . . . It is, as we have said in *Mapula* v. *Territory,* upon the theory that the term 'assault' has a precise and definite meaning given by statute, and also by 'usual acceptance in common language,' and that its use in this way is authorized. Section 831, Pen. Code 1901.

"Although the point has not been decided by us or, so far as we have been able to discover, by the Supreme Court of California, yet, following out the logic of the Mapula Case and of analogous California cases, if the specific acts constituting the assault need not be alleged in an indictment charging an aggravated assault or one charging an assault with a deadly weapon or one charging an assault with intent to murder, we see no reason why the like generalization may not be made in the case of an indictment charging an assault with intent to commit rape. As we have said, one of the essential elements of an assault being some overt act of attempted physical violence, the charge in the indictment that the defendant committed an assault upon Leona Marshall includes by implication the charge that such overt act was done by him. The facts pleaded in the indictment in this case show that the crime of rape would have been committed if the alleged intent of the defendant had been carried out; and, as we hold that the charge that an assault had been committed by implication includes the charge that he did some overt act of attempted physical violence to carry his intent into effect, we hold the indictment to be good."

One of the allegations of the information is that Ida Mae Clark, the prosecutrix, was not at the time the offense was committed the wife of appellant, and it is claimed that no proof whatever of this necessary averment was even attempted. It is true that

no testimony was offered for the specific purpose of establishing this fact, yet the evidence discloses that Ida Mae Clark was only 8 years old at that time and that she and appellant had never seen each other before that day. Nothing further was needed to establish this allegation.

The information alleges also that appellant is an adult male person but no evidence as to his age was introduced. The court instructed the jury that it might return a verdict for aggravated assault, as being included within the crime charged, and appellant contends that since the evidence does not show that he was an adult, that is, at least 21 years of age, he could not have been guilty of this offense, nor could he without such proof have been convicted of a higher one. It is true that an adult male person, within the meaning of the aggravated assault statute, is one 21 years of age, *State* v. *Henderson,* 34 Ariz. 430, 272 Pac. 97, but the jury did not convict him of that offense, so the failure to show that he was an adult was wholly immaterial, though it would have been important if such had been the verdict. However, the statute does not require that one be an adult or 21 years of age before he can commit the crime of assault with intent to commit rape, hence, the absence of proof showing that appellant had acquired that age is without effect in so far as the conviction of this offense is concerned.

Judgment and sentence were pronounced by the court on July 24, 1939, in accordance with section 5101 et seq., Revised Code of 1928, and a minute entry thereof immediately made by the clerk. In addition, a *verbatim* copy of the judgment and commitment was included in that day's minutes, but, according to the entry, it was not signed by the judge, though one with his signature attached was filed 7 days later or on July 31, 1939. Appellant contends that the oral

judgment and sentence was not sufficient but that there should have been a written one signed by the judge at the same time, and that since the one filed July 24, 1939, was not signed by him and the one filed on July 31, 1939, was not signed in the presence of appellant, neither was effective. Appellant does not point out any statute or rule of court making such a requirement, and it is clear that rule VII of the Rules of the Superior Court has no application to criminal judgments. All that is required is that the court pronounce judgment orally in the manner provided by statute and when this has been done, it becomes the duty of the clerk to enter the judgment in the minutes, section 5111, Revised Code of 1928, and to furnish forthwith a certified copy of the entry, except in death cases, to the officer whose duty it is to execute the judgment, section 5115, Revised Code of 1928. It is perhaps good policy to copy in the minutes the judgment and commitment but we have been cited to no rule or statute requiring it. The judgment was complete when the court orally pronounced it and the clerk entered it in his minutes. Nothing further was necessary to make it valid.

The only other assignment is that the verdict is contrary to and not supported by the evidence. It was peculiarly the province of the jury to pass on the weight of the testimony and there can be no question but that there is ample in the record, if believed by the jury, to support the verdict of guilty. This is so plainly true that it is unnecessary to recite it.

The judgment is affirmed.

ROSS, C. J., and LOCKWOOD, J., concur.