349 P.2d 187

**STATE of Arizona, Appellee,**

**v.**

**Earl HUTTON, Appellant.**

**No. 1115.**

Supreme Court of Arizona.

Feb. 10, 1960.

————◆————

Richard F. Harless and Henry R. Paytas, Phoenix, for appellant.

Wade Church, Atty. Gen., and Leslie C. Hardy, Chief Asst. Atty. Gen., for appellee.

WINDES, Justice (Retired).

The County Attorney of Maricopa County filed an information consisting of three counts, charging Earl Hutton with the following crimes: Count 1—First Degree Burglary. Counts 2 and 3—Grand Theft. He pleaded guilty to counts 1 and 2. Count 3 was dismissed. The trial court sentenced him to not less than 14 years nor more than 15 years for the crime of burglary, and not less than nine nor more than ten years for grand theft, the sentences to run consecutively.

The grand theft for which the defendant was sentenced was for stealing a saddle from the building which he burglarized. It is claimed the court erred in subjecting defendant to cumulative punishment because the burglary and grand theft were one and the same act or transaction. It is also contended that to subject defendant to an aggregate of not less than 23 years nor more than 25 years constitutes cruel and unusual punishment. The first question presented is whether the defendant, having pleaded guilty to both crimes (burglary and grand theft), may be legally sentenced for both when the grand theft was committed in carrying out the original motive for committing the burglary. He was charged with breaking and entering with the intent to commit larceny. He committed the burglary and consummated his original intent by stealing the saddle. The validity of the sentences for both offenses is dependent upon whether, under the circumstances, he actually committed both crimes.

A.R.S. § 13–1641 reads:

"Different punishments for same offense; limitation and bar

"An act or omission which is made punishable in different ways by different sections of the laws may be punished under either, but in no event under more than one. An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

Defendant says that this section protects him from double punishment because the burglary and theft were committed in one transaction. We cannot agree. The above statute covers a situation where the same act is punishable in different ways under different sections of the law. Under such

a situation, he can be punished for only one offense. Burglary and theft are two separate and distinct acts. To constitute burglary it is not necessary that theft be committed. In this case, it was only necessary that the breaking and entering be made with the intent to commit grand theft. To consummate theft, it is essential that after the burglary is completed, the additional act of actually stealing be committed. We have had occasion to construe the aforementioned section of the statute and held in effect that for the section to operate to prevent double punishment, the two alleged crimes must have identical components. State v. Westbrook, 79 Ariz. 116, 285 P.2d 161, 53 A.L.R. 2d 619. The elements constituting burglary and theft are entirely different. One may be committed without the other.

A.R.S. § 13–1641, supra, was taken from California, and the courts of that state have construed the statute to the effect that one committing burglary and larceny in one transaction was guilty of two crimes and could be sentenced for both. People v. Goodman, 159 Cal.App.2d 54, 323 P.2d 536; People v. Guarino, 132 Cal.App.2d 554, 282 P.2d 538. In the latter case the court said [282 P.2d 541]:

"* * * Defendant also cites section 654 of the Penal Code which prohibits double punishment for one act. It is contended that the theft was not a separate crime from the burglary. The point is without merit. The crime of burglary is complete on the entering of the building with intent to commit a felony, though the intended felony be not committed. Larceny is a separate act and involves the unlawful asportation of the personal property of another, with intent to deprive him thereof; and if a larceny is actually perpetrated after the burglarious entry a second crime is committed."

We rule, therefore, that the defendant could legally be sentenced for both the crimes of burglary and grand theft.

■ The defendant contends that if we should hold he could be sentenced for both crimes, the imposition of the maximum for both was excessive. While we are not prone to disturb the trial court's judgment in the infliction of punishment, we cannot escape the feeling that under the circumstances herein a sentence of 23 to 25 years for a burglary and the stealing of a saddle is excessive. The punishment for burglary in the first degree is not less than one nor more than 15 years and for grand theft is not less than one nor more than 10 years. Even though it appears the defendant has a former criminal record, we feel that the imposition of the maximum for both offenses to run consecutively is too severe, and we are justified in exercising the power given us under A.R.S. § 13–1717, subd. B. We have no objection to the imposition of the maximum for each offense, but feel

in the interest of justice that the sentences should run concurrently.

It is ordered that the judgment and the sentences of the trial court be modified to require that the sentences imposed run concurrently. In all other respects the judgment and sentences are affirmed.

STRUCKMEYER, C. J., and PHELPS, UDALL and JOHNSON, JJ., concur.

Justice BERNSTEIN having disqualified, by stipulation of the parties retired Justice DUDLEY W. WINDES was called to sit in his stead in accordance with Article 6, Section 26 of the Constitution of Arizona, A.R.S.