403 P.2d 809

**STATE of Arizona, Appellee,**

v.

**Robert R. GREEN, Appellant.**

**No. 1467.**

Supreme Court of Arizona.

In Division.

July 14, 1965.

Darrell F. Smith, Atty. Gen., Norman E. Green, Pima County Atty., Carl Waag, Asst. County Atty., Pima County, for appellee.

S. Leonard Scheff, Tucson, for appellant.

UDALL, Justice.

Appellant was convicted on pleas of guilty to seven felony counts arising out of two separate incidents. On both occasions appellant entered residences at night wearing a mask.

In the first incident appellant, armed with a gun, entered the bedroom of a sixteen year old girl. After binding her arms and gagging her he proceeded to commit lewd and lascivious acts upon her body and forcibly raped her twice. He was sentenced as follows for these acts, the sentences to run consecutively:

Count 1—Rape, first degree—8–10 yrs. A.R.S. § 13–611.

Count 2—Burglary first degree—6–7 yrs. A.R.S. § 13–302.

Count 3—Unlawful mask—2–3 yrs. A.R.S. § 13–981.

Count 4—Lewd and lascivious acts—2–3 yrs. A.R.S. § 13–652.

In the second incident appellant was armed with a knife and entered the bedroom of another sixteen year old girl. He threatened to kill everyone in the house if she didn't leave with him. When she heard her mother coming down the hall she grabbed the knife, which resulted in her fingers being cut. As a result of this attack he received consecutive sentences as follows:

Count 9—Burglary, first degree—6–7 yrs. A.R.S. § 13–302.

Count 10—Aggravated assault—4–5 yrs. A.R.S. § 13–245.

Count 11—Unlawful mask—2–3 yrs. A.R.S. § 13–981.

In his first assignment of error appellant maintains that it was improper for the lower court to sentence him on both counts 1 and 2 (rape and burglary). He bases this argument on the following statute:

"§ 13–1641. *Different punishments for same offense; limitation and bar*

"An act or omission which is made punishable in different ways by different sections of the laws may be punished under either, but in no event under more than one. An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

In State v. Hutton, 87 Ariz. 176, 178, 349 P.2d 187, this Court noted that the above statute was taken from California, West's Ann.Pen.Code § 654, and cited with approval two California decisions construing the same: People v. Goodman, 159 Cal.App. 2d 54, 323 P.2d 536 and People v. Guarino, 132 Cal.App.2d 554, 282 P.2d 538. The Hutton case involved the conviction and sentencing of a defendant for both burglary and grand theft arising out of the same incident. The maximum sentence was imposed for each offense, to run consecutively. We held that defendant could be sentenced for both crimes, but felt that a sentence of 23 to 25 years for burglary and the stealing of a saddle was excessive. Accordingly we exercised the power given us under A.R.S. § 13–1717, subsec. B. and modified the judgment, ordering the sentences to run concurrently. In that case we held that A.R.S. § 13–1641 prevented double punishment for two alleged crimes having identical components. We noted therein that to constitute burglary it is not necessary that theft be committed and to consummate theft, it is essential that after the burglary is completed, the additional act of actually stealing be committed.

Appellant points out that the two California decisions, People v. Goodman, supra, and People v. Guarino, supra, which were cited and approved by this Court in State v. Hutton, supra, have since been disapproved by the California Supreme Court. People v. McFarland, 58 Cal.2d 748, 26 Cal. Rptr. 473, 376 P.2d 449, and Neal v. State, 55 Cal.2d 11, 9 Cal.Rptr. 607, 357 P.2d 839. As we pointed out in State v. Hutton, supra, A.R.S. § 13–1641 was taken from California Penal Code § 654. In the McFarland and Neal cases, supra, California interpreted § 654 as being dependent upon the intent and objective of the defendant, i. e., if all the offenses are incident to one objective, the defendant may be punished for any one of them but not for more than one.

Appellant urges this Court to likewise adopt this interpretation pointing out that if State v. Hutton, supra, had been decided after the McFarland and Neal cases, supra, we would have adopted the present California interpretation under our ruling in State v. Vallejos, 89 Ariz. 76, 82, 358 P.2d 178, 182, wherein we said:

"This section is nearly identical with the corresponding California statute. In the absence of a case in this jurisdiction construing this section, we will follow the California cases in so far as their reasoning is sound."

The Vallejos case, supra, involved an interpretation of the same statute we are concerned with in the instant action, A.R.S. § 13-1641; however, we now have cases in our own jurisdiction, in addition to Vallejos, which have settled the law in Arizona. In Vallejos possession of narcotics before and after the sale, and the sale itself, were both found to be punishable; in State v. Hutton, supra, burglary and theft; and in State v. Jacobs, 93 Ariz. 336, 380 P.2d 998, kidnapping with intent to rape, and rape. It is our opinion that the reasoning of these cases is sound and should be followed. Certainly in the Jacobs case, supra, the defendant who kidnapped his victim with the intent to rape her and then did in fact commit the rape deserves to be punished more severely than the one who kidnaps with the intent to rape and subsequently has a change of heart and does not carry out the planned attack.

■ The crimes of burglary and rape do not have identical components. Their elements are entirely different, and therefore, A.R.S. § 13-1641 does not prohibit a sentence being meted out for each offense even though both were committed as part of appellant's plan to rape his victim. A similar argument is made regarding the sentences for burglary and assault arising out of the second incident, and for the same reasons we reject it also.

Contrary to the facts and circumstances found in State v. Hutton, supra, we find nothing in this record to justify our exercise of the power granted by A.R.S. § 13-1717, subsec. B. to modify the judgment. The consecutive sentences imposed upon appellant will stand.

■ One other matter is raised by appellant. He asserts that the sentence imposed on count 4 (lewd and lascivious acts) is invalid for the reason that the clerk failed to make a minute entry of the sentence. In support of this contention he cites Rule 325, Rules of Criminal Procedure, 17 A.R.S., and the decision of this Court in Moore v. State, 55 Ariz. 43, 97 P.2d 925. Rule 325 provides:

"A. Judgment shall be rendered in open court.

"B. When judgment of guilty has been rendered, the Court shall pronounce sentence in open court and it shall be entered of record."

State v. Moore, supra, merely held that a judgment was complete when the court orally pronounced it and the clerk entered it in his minutes. We pointed out therein that, "It is perhaps good policy to copy in the minutes the judgment and commitment but we have been cited to no rule or statute requiring it." Id. at 48, 97 P.2d at 927. It is to be noted that the Moore decision was based upon the Revised Code of 1928; however, even if Rule 325 in its present form had been in effect that decision would be consistent with our interpretation of this rule. There is no contention by appellant that the sentence on Count 4 was not orally pronounced by the Judge in open court and in his presence. The record before us contains a formal entry of judgment and commitment signed by the judge. This formal entry was filed on December 27, 1963, the same day sentence was pronounced, which satisfied the requirement that it, "be entered of record." Rule 325, Rules of Criminal Procedure, 17 A.R.S., having been complied with, this assigned error is without merit.

Judgment affirmed.

STRUCKMEYER, V. C. J., and BERNSTEIN, J., concurring.