478 P.2d 517

**STATE of Arizona, Appellee,**

v.

**Thomas Armendarez MITCHELL, Jr., Appellant.**

**No. 2133.**

Supreme Court of Arizona, In Banc.

Dec. 30, 1970.

Gary K. Nelson, Atty. Gen. by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

S. Jeffrey Minker, Tucson, for appellant.

McFARLAND, Justice:

Thomas Armendarez Mitchell, Jr., hereinafter referred to as defendant, was tried and convicted on Count I—attempted kidnapping "while armed with a gun" and Count II—assault with a "deadly weapon

or instrument, to wit: a gun"—and was sentenced to a term of not less than ten years nor more than fifteen years in the Arizona State Prison, both counts to run concurrently. From his conviction and sentence he appeals.

Defendant entered a plea of not guilty and not guilty by reason of insanity to both counts. It was alleged that the acts were committed on November 14, 1968, upon Rebecca Mullinax in violation of A.R.S. § 13–108, § 13–110, § 13–491, as amended, and § 13–249, as amended. Defendant made a motion for a directed verdict of acquittal on each count which was denied.

On November 14, 1968, Rebecca Mullinax was returning to Alice Vail Junior High School. The defendant walked up behind her as she approached the school and took her by the arm. He had a gun in one hand. He told her not to scream or he would shoot her. He asked her to go to his truck, and she told him if he did not release her she would scream. He did not release her, so she screamed, at which time defendant released her, and she ran into the school. The police were notified, and, upon arrival, found a clip-type gun and a clip near the defendant's truck. Defendant told the officers he did not know how to get a bullet from the clip into the chamber of the gun.

■ Defendant first contends that the court erred in not granting his motion for directed verdict for acquittal on Count I of the information. He states in his brief:

"* * * Kidnapping is defined as forcibly stealing, taking or arresting a person and carrying them away. An attempt to commit the crime of kidnapping is the doing of an overt act toward the commission of the substantive crime which fails because of some intervening cause."

He contends there was no evidence that defendant intended to kidnap the girl, and, in support of this contention, quotes the testimony of Rebecca Mullinax:

"Q What did you do after—after this happened?

"A He asked me to come over to his truck because he wanted to ask me some questions.

"Q. Did you remember what words he used?

"A No.

"Q He asked you, though, to come over to his truck?

"A Yes.

"Q All right, then what happened?

"A Then I told him I was going to scream if he didn't let go of me and he didn't so I screamed and then he let go of me and went back toward the parking lot and I went into the cafeteria."

However, she also testified:

"A I was coming across the field and Thomas Mitchell came up to me and took my arm and he had a gun and he said, 'Don't scream or I'll shoot you' and he wanted me to go over to his truck with him and I said, 'no', if he didn't let go of me, I would scream, and so he wouldn't let go so I screamed and ran to the cafeteria where I got Mr. Morris, and then he took me outside the building again where we saw Thomas Mitchell coming toward the building and then Mr. Morris took me back inside and we went to the office.

\* \* \* \* \* \*

"Q And when was it that you testified that Mr. Mitchell grabbed you—where did he grab you?

"A Above the elbow on the right arm.

"Q And then did he let go of you?

"A After I screamed he let go of me.

\* \* \* \* \* \*

"Q Can you tell us what this gun that he had looked like?

"A It was a dark color, it wasn't a revolver or pistol. It was small.

"Q Could you touch the gun, Becky?

"A Yes. When he was standing by me,

I grabbed it and then he pulled back so I let go.

    \*    \*    \*    \*    \*    \*

"Q Now, at the time the defendant was holding the gun and you were close to him, did you hear anything?

"A Yes, sir, I heard a click.

"Q And at what point did you hear the click?

"A When he had it up in front of my head.

"Q Where did he hold the gun when you originally saw it?

"A Down against his body in the front.

"Q Close to him?

"A Yes.

"Q And then he moved it to up by your head?

"A Uh-huh.

"Q And what did he say at the time he moved it?

"A He said, 'You don't believe me, do you', and then he held it up.

"Q And it was at that time you heard the click?

"A Yes, sir."

We cannot agree with the contention of defendant that there was not an overt act toward the commission of a "substantive crime." The pointing of the gun at Rebecca Mullinax with the threat "Don't scream or I will shoot you," coupled with his trying to get her to go to the truck with him, clearly shows his attempt to kidnap her. A.R.S., § 13–491, as amended, provides, in part, as follows:

"A. A person is guilty of a felony who:

"1. Forcibly steals, takes or arrests any person in this state, and carries him into another country, state or county, or into another part of the same county.

    \*    \*    \*    \*    \*    \*

"D. \* \* \* by a person armed with a gun \* \* \*".

The attempt was made by the use of a gun.

■ Defendant next contends that there were multiple sentences given him, in violation of A.R.S. § 13–1641, which reads as follows:

"An act or omission which is made punishable in different ways by different sections of the laws may be punished under either, but in no event under more than one. An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

We have construed this statute and held that where a single act violates more than one statute, § 13–1641, supra, protects a defendant against double punishment. In State v. Ballez, 102 Ariz. 174, 427 P.2d 125, we held:

"On appeal the defendant contends that his conviction for both robbery and grand theft from the person violates A.R.S. § 13–1641 which provides as follows:

"'An act or omission which is made punishable in different ways by different sections of the laws may be punished under either, but in no event under more than one. An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other.'

"This statute coming to us from the California Penal Code § 654, contemplates a situation in which a single act violates more than one statute and protects the offender against double punishment in such instances. \* \* \*"

However, we have since the Ballez case further interpreted § 13–1641, supra, as holding it applicable where the offenses charged have identical components. State v. Green, 98 Ariz. 254, 403 P.2d 809. These interpretations and applications of the rule were succinctly set forth in State v. French, 104 Ariz. 359, 453 P.2d 505, wherein defendant was charged with both robbery and grand theft, in which we said:

"We held in State v. Ballez, 102 Ariz. 174, 427 P.2d 125 (1967), that convictions based on robbery and grand theft from the person violated the foregoing

statute when based on a single definite act.

"However, in State v. Green, 98 Ariz. 254, 403 P.2d 809 (1965), we upheld conviction of charges of rape, burglary, unlawful mask and lewd and lascivious acts arising out of the same incident. There the court indicated that where the crimes do not have identical components and their elements arc different, they do not fall within the prohibition of A.R.S. § 13–1641. We have also held that a defendant can be convicted and punished for both burglary and grand theft arising out of the same incident. State v. Hutton, 87 Ariz. 176, 349 P.2d 187 (1960). "The elements constituting robbery and grand theft-auto, are not entirely different, nor may robbery occur without the taking of personal property. We therefore hold that the grand theft-auto conviction and sentence cannot stand. In view of the fact that the sentences imposed are concurrent it is ordered that the judgment of conviction for grand theft-auto, is vacated and the sentence set aside. No further action is required of the trial court."

The difficulty is in applying the rule which we have set forth to the particular facts in each case as to whether the elements are identical. The practical test is to eliminate the elements in one charge and determine whether the facts left would support the other charge. Applying this test to the cases which have been decided by this Court in the past—for example—in State v. Jacobs, 93 Ariz. 336, 380 P.2d 998, app. dismissed, 375 U.S. 46, 84 S.Ct. 158, 11 L.Ed.2d 108, the defendant was charged with rape and kidnapping. You could eliminate the facts of the kidnapping, and still have the rape, and you could eliminate the rape and still have the kidnapping. We accordingly held:

"Nor do we find merit in the defendant's argument that he is being punished twice for the same act. The crime of kidnapping preceded and was complete before the rape took place. The component

elements of the two crimes are distinct and separate. Cf. State v. Hutton, 87 Ariz. 176, 349 P.2d 187 (1960)."

In State v. Hutton, 87 Ariz. 176, 349 P.2d 187, the defendant was charged with burglary and grand theft. The entering into the building with the "intent to commit grand [theft] or petty theft, or any felony * * *." constitutes burglary. It is not necessary to prove that he actually committed the theft or the other crimes enumerated. Hence, the actual theft could be eliminated, and the burglary would still stand, and the burglary could be eliminated and theft would still stand. In deciding this question we said:

"* * * Defendant says that this section protects him from double punishment because the burglary and theft were committed in one transaction. We cannot agree. The above statute covers a situation where the same act is punishable in different ways under different sections of the law. Under such a situation, he can be punished for only one offense. Burglary and theft are two separate and distinct acts. To constitute burglary it is not necessary that theft be committed. In this case, it was only necessary that the breaking and entering be made with the intent to commit grand theft. To consummate theft, it is essential that after the burglary is completed, the additional act of actually stealing be committed. We have had occasion to construe the aforementioned section of the statute and held in effect that for the section to operate to prevent double punishment, the two alleged crimes must have identical components. State v. Westbrook, 79 Ariz. 116, 285 P.2d 161, 53 A.L.R.2d 619. The elements constituting burglary and theft are entirely different. One may be committed without the other."

In State v. Green, 98 Ariz. 254, 403 P.2d 809, the defendant was charged with burglary and rape. It is plain that burglary could be committed without rape being committed, and the rape could be committed

without burglary being committed. The facts constituting the elements of burglary could be withdrawn from the case without disturbing proof of the elements constituting rape.

> "The crimes of burglary and rape do not have identical components. Their elements are entirely different, and therefore, A.R.S. § 13–1641 does not prohibit a sentence being meted out for each offense even though both were committed as part of appellant's plan to rape his victim. A similar argument is made regarding the sentences for burglary and assault arising out of the second incident, and for the same reasons we reject it also." Id. at 257, 403 P.2d at 811.

In State v. French, supra, the defendant was charged with robbery and grand theft. The essential element of robbery is the taking of property, in this case the automobile, and without such taking there would be no evidence that the victim had been robbed. We accordingly held that the elements constituting the two crimes were not entirely different, and pointed out that there could have been no robbery without the taking of the property.

In State v. Price, 106 Ariz. 433, 477 P.2d 523 [1970], the defendant was charged with both possession and the sale of marijuana. If you take out the possession of the marijuana then there would be no facts upon which to convict him of the sale. If there was no possession there would be no transaction. If you eliminate the facts showing the sale then you eliminate the possession. In disposing of this question, we said:

> "In the instant case it is clear that the defendant went in the apartment returning with marijuana which was sold to the officer. Under these facts it is plain that the possession of the marijuana was obtained for the purpose of the particular sale and that there was but one transaction. * * *"

This test does not conflict with the double-jeopardy holding in State v. Harvey, 98 Ariz. 70, 402 P.2d 17, where a defendant was first convicted of contributing to the delinquency of a minor and later charged with rape, lewd and lascivious conduct.

> "Defendants were convicted of contributing to the delinquency of a minor for the reason of their raping and performing unnatural sex acts upon the daughter and photographing such incident. They were later convicted of rape and lewd and lascivious conduct arising out of the very same incident. The conduct involved in this incident was punishable in different ways by different sections of the laws. The state after obtaining a conviction under one section is barred from prosecuting for the same act under any other section. A.R.S. § 13–1641 (1956).
>
> \* \* \* \* \* \*
>
> "It is clear from the record in this case that the conduct which occurred on the day in question as shown by the photographs taken at that time was the basis of both convictions and therefore the later conviction of statutory rape and lewd and lascivious conduct must be reversed."

Applying the same test to the instant case without the assault with the gun there would be no evidence of an attempt to kidnap while armed with a gun, and on the other hand the evidence necessary to convict on an attempted kidnapping charge could not be withdrawn from the assault with a gun charge without having a complete lack of any proof of the latter charge. The use of the gun was an essential "element" in the proof of the attempted kidnapping while armed with a gun also in assault "with a deadly weapon, to wit: a gun." We therefore hold that the conviction of assault with a deadly weapon must be set aside and the sentence thereunder must be vacated.

The next question presented by defendant was that the gun was not loaded and hence there was no assault with a deadly weapon. However, it is not necessary to pass upon this question or other questions

in regard to this count as the conviction of assault with a deadly weapon is set aside. Section D of § 13-491 does not provide that the kidnapping be by a person armed with a loaded gun. It merely requires that the act be committed "by a person armed with a gun." So the question of whether the gun was loaded is not involved in the instant case.

 The defendant contends the court erred in sentencing him to ten to fifteen years in the Arizona State Prison on Count I on the information. The sentence was within the limits of the statute. We have held that the court has wide discretion to sentence a defendant for a period somewhere between the statutory minimum and statutory maximum. We have held that we will uphold the sentence if it is within the statutory limits unless there is clear abuse of discretion. State v. Matthews, 104 Ariz. 421, 454 P.2d 566; State v. Bible, 104 Ariz. 346, 452 P.2d 700; State v. Horton, 101 Ariz. 229, 418 P.2d 385; State v. Bradley, 99 Ariz. 328, 409 P.2d 35. We find no abuse of discretion by the trial court in the instant case.

Defendant also contends that the court erred in permitting Officer Ronstadt to testify in the second half of the bifurcated trial in regard to a conversation with defendant. The officer testified from his observation of defendant that he did not appear mentally deranged. The testimony was not admitted for the purpose of showing defendant's guilt but for the purpose of showing the opportunity of the officer to observe defendant and give his opinion in regard to his sanity. He did not testify in detail as to the conversation but merely summarized it. The officer also stated that he had introduced himself and asked defendant if he had been advised of his rights and he indicated he had.

However, Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, is not involved in the instant case for the reason that in Miranda the Court was talking about a confession which showed guilt, while in the instant case defendant had already been convicted, and the question was only in regard to his sanity. In State v. Prewitt, 104 Ariz. 326, 452 P.2d 500, we held it was not error for the court to permit an officer to testify in regard to the sanity of a defendant based on statements and conduct of the defendant in the officer's presence, even though the opinion was based partly upon a conversation with the defendant which had been suppressed by the court. The facts are analogous to those in the instant case for the reason that the testimony was not introduced in the first trial to determine defendant's guilt, but was introduced in the second trial solely for the purpose of showing the basis upon which the officer gave his opinion as to defendant's sanity.

Judgment and sentence on Count II is hereby ordered set aside; judgment and sentence on Count I affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and HAYS, JJ., concur.