594 P.2d 149

**The STATE of Idaho,
Plaintiff-Respondent,**

v.

**DaWayne McCORMICK,
Defendant-Appellant.**

**No. 12640.**

Supreme Court of Idaho.

May 2, 1979.

112

Klaus Wiebe, Ada County Public Defender, Boise, for defendant-appellant.

David H. Leroy, Atty. Gen., Boise, for plaintiff-respondent.

SHEPARD, Chief Justice.

This is an appeal from judgments of convictions for the crimes of burglary in the first degree and rape. We affirm.

An information was filed against appellant McCormick charging him with burglary in the first degree and rape. Trial was held thereon and a verdict of guilty in both charges was returned by the jury. Appellant had been twice previously convicted of the crime of robbery and was on probation at the time of the instant offenses. Hence, defendant was also convicted of the charge of being a persistent violator of the law.

■ The State urges that this appeal should be dismissed on the basis that it was not timely filed. The record discloses that within the applicable time limitations for an appeal the defendant personally filed with the court a petition for leave to proceed with his appeal and in forma pauperis, together with an affidavit of mailing indicating service of notice of appeal on the clerk of the district court and the Attorney General. The record further indicates that within the time limitations for an appeal an order was entered by the district judge permitting appellant to appeal without filing or service of process fees. Appellant asserts that his actual notice of appeal was received by the requisite offices and evidently mislaid, misfiled or lost and, therefore, in a perhaps excess of caution, counsel for appellant filed an additional notice of appeal which admittedly was outside the requisite time framework within which a notice of appeal must be filed. The State's motion to dismiss addresses only the second notice of appeal which was admittedly filed too late to perfect an appeal. The State does not address appellant's assertions regarding the alleged earlier filing of a notice of appeal within the permitted time framework. In the absence of any contrary assertion by the State, this Court will deem those documents relating to appeal which were admittedly filed within the requisite time limitations as constituting a notice of appeal and, therefore, proceed to consider the merits.

■ Appellant first argues that the trial court erred in denying in part defendant-appellant's motion for discovery and inspection. The record discloses that the defendant's motion was granted in part and denied in part. However, the record does not contain the trial court's order of discovery and this Court is without the ability, therefore, to determine if there was indeed error on the part of the trial court. *See Baker v. Ore-Ida Foods, Inc.*, 95 Idaho 575, 513 P.2d 627 (1973); *Neer v. Safeway Stores, Inc.*, 92 Idaho 361, 442 P.2d 771 (1968); *Hansen v. Devaney*, 82 Idaho 488, 356 P.2d 57 (1960).

Appellant next assigns error to the testimony of a prosecution witness who indicated that appellant had been in prison prior to the instant alleged offense. The record reveals that a hearing was held in chambers at which the prosecutor disclosed to the judge and the defendant's attorney the questions he anticipated asking that particular witness and the answers he anticipated would be given in response. The record reveals that the judge carefully reviewed the situation and ruled that the fact of appellant's recent release from prison was a "relevant probative fact" for the purpose of assisting in the identification of the defendant and that the probative value of the testimony would outweigh the prejudicial effect upon the defendant-appellant.

At the time of the actual testimony before the jury, the identity of the perpetrator of the crime remained an issue to be proven at trial. The defendant did ultimately admit to having sexual intercourse with the victim, contending it had been consensual. However, McCormick gave no indication whatsoever that he would base his defense on consent until after the close of the prosecution's case in chief. We note

further that the defendant-appellant testified in his own defense and in that testimony some dozens of pages are consumed with his direct testimony as to his prior imprisonment, the reasons therefor, the charges, his experience with probation officers and other criminal charges. In addition, the defendant elicited testimony concerning his former imprisonment from both his mother and stepfather.

We hold that the record here is sufficient to support the decision of the district judge to permit the testimony in question. The victim testified that her assailant was wearing a mask when he first encountered the victim in her residence on the night of the rape. In addition, the victim did not remember ever seeing the defendant prior to the night of the rape, so there remained an issue as to the victim's ability to identify the defendant as the perpetrator.

During the period the defendant remained in the victim's residence on the night of the rape, he made various statements to the victim. Included was the statement that he had recently been paroled from prison. Under the circumstances herein, the testimony of the defendant's recent imprisonment was admissible as relevant to prove the identity of the perpetrator of the crimes. *See generally State v. Morris,* 97 Idaho 420, 546 P.2d 375 (1976); *State v. Hatton,* 95 Idaho 856, 522 P.2d 64 (1974); *State v. Shepherd,* 94 Idaho 227, 486 P.2d 82 (1971). In addition, the defendant offered the same testimony as part of his case in chief. We find no error by the district court in allowing this testimony.

McCormick also assigns as error his conviction for the crimes of both burglary and rape which arose out of the same criminal conduct. The burglary conviction was based on the charge that defendant McCormick entered the victim's residence in the nighttime with the intent to commit rape. McCormick argues on appeal that it was not the legislature's intent that a criminal defendant should be convicted and sentenced for both burglary and the separate crime (herein rape) committed within the burglarized premises when the intent to commit the particular separate crime is one element of the burglary charged.

Initially raised is the issue of whether a conviction for burglary or rape is barred as a lesser included offense of the other. It is clear that a defendant may not be convicted of both a greater and lesser included offense. I.C. § 19–1719; *State v. Hall,* 86 Idaho 63, 383 P.2d 602 (1963).

An offense will be deemed to be a lesser included offense of another, greater offense, if all the elements required to sustain a conviction of the lesser included offense are included within the elements needed to sustain a conviction of the greater offense. Of course, the greater offense may require proof of additional elements in order to sustain a conviction. Or, if in committing an offense one necessarily commits a second offense, that second offense will be deemed a lesser included offense. I.C. § 19–2312; *State v. Cariaga,* 95 Idaho 900, 523 P.2d 32 (1974); *State v. Boyenger,* 95 Idaho 396, 509 P.2d 1317 (1973); *State v. Hall,* 88 Idaho 117, 397 P.2d 261 (1964); *State v. Hall,* 86 Idaho 63, 383 P.2d 602 (1963). As stated in *State v. Hall,* 86 Idaho 63, 69, 383 P.2d 602, 605 (1963):

An "included offense" is one which is necessarily committed in the commission of another offense; or one, the essential elements of which are, charged in the information as the manner or means by which the offense is committed.

*See State v. Cariaga, supra.*

I.C. § 18–1401 defines the crime of burglary in Idaho. That section provides as follows:

18–1401. Burglary defined.—Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse, or other building, tent, vessel, closed vehicle, closed trailer, airplane or railroad car, with intent to commit grand or petit larceny or any felony, is guilty of burglary.

As defined, the crime of burglary is complete when there is an entry with the intent to commit grand or petit larceny or any felony. *State v. Carver,* 94 Idaho 677,

496 P.2d 676 (1972); *State v. Bullis,* 93 Idaho 749, 472 P.2d 315 (1970); *State v. Polson,* 81 Idaho 147, 339 P.2d 510 (1959). Thus, if the burglar who enters with the intent to commit a specific felony abandons or fails to perform that felony, he will still be guilty of burglary. *Ex parte Seyfried,* 74 Idaho 467, 264 P.2d 685 (1953).

▇▇ We find that neither rape nor burglary is a lesser included offense of the other. The burglary was complete when McCormick entered the victim's residence with the intent to commit rape, whereas the rape was not committed until there was an act of sexual intercourse under the circumstances described in I.C. § 18–6101.[1] Each of these crimes requires proof of separate essential elements not required of the other and the conviction of one will not bar conviction of the other.

Another potentially applicable statute is I.C. § 18–301. That section, which is nearly identical to statutory provisions in Arizona and California, provides as follows:

18–301. Acts punishable in different ways—Double jeopardy.—An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other.

For a number of years California followed the common law rule that one committing burglary and another felony or larceny in one transaction was guilty of two crimes and could be sentenced for both. *People v. Goodman,* 159 Cal.App.2d 54, 323 P.2d 536 (1958); *People v. Guarino,* 132 Cal.App.2d 554, 282 P.2d 538 (1955). *See generally People v. Garnett,* 29 Cal. 622 (1866). However, in *People v. McFarland,* 58 Cal.2d 748, 26 Cal.Rptr. 473, 376 P.2d 449 (1962), and *Neal v. State of California,* 55 Cal.2d 11, 9 Cal.Rptr. 607, 357 P.2d 839 (1961), the California Supreme Court disapproved these earlier cases. In *McFarland,* which dealt with a conviction of both burglary and larceny, the court interpreted its statute, similar to I.C. § 18–301, as being dependent upon the intent and objective of the defendant, *i. e.,* if all the offenses are incident to one objective, the defendant may be punished for any one of them but not for more than one.

Arizona also has a statute comparable to I.C. § 18–301. In *State v. Hutton,* 87 Ariz. 176, 349 P.2d 187 (1960), which was decided prior to *McFarland* and *Neal,* the Arizona Supreme Court, interpreting its statute, adopted the rationale of the earlier California cases and found that a defendant could be convicted of both the crimes of burglary and grand theft, where the intent to commit grand theft was an element of the burglary.

In *State v. Green,* 98 Ariz. 254, 403 P.2d 809 (1965), it was argued that *State v. Hutton, supra,* should be overruled in light of the California decision in *McFarland.* However, the Arizona Supreme Court rejected the rationale of *McFarland* and continued to follow *State v. Hutton, supra,* and other cases following that decision.

---

1. The defendant McCormick was convicted under I.C. § 18–6101 as it read prior to amendment in 1977. That section read as follows:

18–6101. Rape defined.—Rape is an act of sexual intercourse accomplished with a female not the wife of the perpetrator, under either of the following circumstances:

1. Where the female is under the age of eighteen years.

2. Where she is incapable, through lunacy or any other unsoundness of mind, whether temporary or permanent, of giving legal consent.

3. Where she resists, but her resistance is overcome by force or violence.

4. Where she is prevented from resistance by threats of immediate and great bodily harm, accompanied by apparent power of execution; or by any intoxicating narcotic, or anaesthetic substance administered by or with the privity of the accused.

5. Where she is at the time unconscious of the nature of the act, and this is known to the accused.

6. Where she submits under the belief that the person committing the act is her husband, and the belief is induced by artifice, pretense or concealment practiced by the accused, with intent to induce such belief.

**116**

*State v. Green, supra,* involved a situation similar to the case herein. The defendant had been convicted of both burglary and rape, and the intent element of the burglary was the intent to commit rape.

We find the Arizona view as expressed in *State v. Green, supra,* persuasive and more consistent with this Court's past decisions interpreting I.C. § 18–301. We, therefore, decline to follow the California view as expressed in *McFarland.* We hold that I.C. § 18–301 does not prohibit the defendant's sentencing for both the crimes of burglary and rape. As pointed out in *State v. Green, supra,* and previously in this opinion, the crimes of burglary and rape do not have identical components. The "act" of burglary herein was complete when the defendant entered the premises with the intent to commit rape. The rape was not complete until the defendant had intercourse with the victim. Although both crimes arose out of the same incident, each constituted separate "acts" under I.C. § 18–301. *See generally State v. Mooneyham,* 96 Idaho 145, 525 P.2d 340 (1974); *State v. Hall,* 86 Idaho 63, 383 P.2d 602 (1963).[2]

Certainly, a defendant who burglarizes a residence with the intent to commit rape, and then does in fact commit the rape deserves to be punished more severely than a defendant who does not commit the intended act after he has entered the residence.

Finally, the defendant urges us to adopt the rationale of a series of cases from Oregon beginning with *State v. Woolard,* 259 Or. 232, 484 P.2d 314 (1971); *rehearing denied,* 485 P.2d 1194 (1971). Therein, the Oregon Supreme Court held that convictions for both burglary and larceny of a dwelling house were not proper under the Oregon statutes defining those crimes. The stated rationale of *Woolard* was that "the breaking and entering essential to the crime

of burglary is not to be viewed separate and apart from the ensuing criminal act which the defendant entered to commit." *Id.* at 1194.

As previously noted, we find this rationale unpersuasive. Therefore, we find that the district court did not err by sentencing defendant McCormick to concurrent sentences for both the crimes of burglary and rape.

The remaining assignments of error are without merit. The judgment of the district court is affirmed.

DONALDSON, BAKES and BISTLINE, JJ., and SCOGGIN, J. Pro Tem., concur.

---

2. Arguably, *State v. Brusseau,* 96 Idaho 558, 532 P.2d 563 (1975), supports the defendant's position on appeal. However, in *Brusseau* we held that I.C. § 18–301 precludes the double punishment of the defendant where an additional fact or circumstance has developed following a previous prosecution which subjects a defendant to criminal liability for a larger or more serious offense, even though the prescription against multiple prosecutions does not bar a second prosecution. Thus, the holding in *Brusseau* is inapposite to the issue before us in this case.