**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36681**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **2011 Opinion No. 6** |
| Plaintiff-Respondent, | ) | |
| | ) | **Filed: March 1, 2011** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| RAYMOND GENE CORBUS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County.  Hon. Michael E. Wetherell, District Judge.

Judgment of conviction for felony eluding a peace officer and misdemeanor reckless driving, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Raymond Gene Corbus appeals from his judgment of conviction for felony eluding a peace officer and misdemeanor reckless driving.  Specifically, Corbus contends that the district court erred in denying his motion to dismiss because the state violated the Double Jeopardy Clause by subjecting him to multiple criminal prosecutions and multiple convictions and punishments for the same offense.  For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Police officers observed Corbus's vehicle travelling approximately 60 mph in a 35 mph zone.  Corbus was given a signal by the police officers to stop his vehicle, but he refused to do so.  The police pursued Corbus's vehicle at speeds that exceeded 100 mph.  During the chase, Corbus passed other vehicles and turned off his headlights even though it was past sunset.  Eventually, Corbus's vehicle hit a rock and came to a stop.  Corbus was charged with felony

1

eluding a peace officer, I.C. § 49-1404, and misdemeanor reckless driving, I.C. § 49-1401. At his arraignment, Corbus entered a guilty plea to reckless driving, but was not immediately sentenced. Corbus subsequently filed a motion to dismiss the charge of eluding a police officer, contending that reckless driving was a lesser included offense of eluding a police officer and that, therefore, continuing his prosecution for eluding a police officer would violate the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Article 1, Section 13 of the Idaho Constitution. The district court denied Corbus's motion to dismiss. Corbus then pled guilty to eluding a police officer but reserved the right to appeal the district court's denial of his motion to dismiss.

The district court sentenced Corbus to a unified term of five years, with a minimum period of confinement of one and one-half years, for eluding a police officer and a concurrent term of 120 days for reckless driving. The sentences were suspended, and Corbus was placed on probation. Corbus appeals.

## II.

## ANALYSIS

Corbus argues that he was subjected to multiple prosecutions and multiple convictions and punishments in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Article 1, Section 13 of the Idaho Constitution. Corbus asserts that, because he first pled guilty to reckless driving, he could not subsequently be prosecuted or convicted and punished for eluding a police officer because the two crimes constitute one offense for double jeopardy purposes. The Double Jeopardy Clause of the United States and Idaho Constitutions provide that no person shall be twice put in jeopardy for the same offense. The Double Jeopardy Clause of the Idaho and United States Constitutions affords a defendant three basic protections. It protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple criminal punishments for the same offense. *Schiro v. Farley,* 510 U.S. 222, 229 (1994); *State v. McKeeth*, 136 Idaho 619, 624, 38 P.3d 1275, 1280 (Ct. App. 2001). Whether a defendant's prosecution complies with the constitutional protection against being placed twice in jeopardy is a question of law over which we exercise free review. *State v. Santana*, 135 Idaho 58, 63, 14 P.3d 378, 383 (Ct. App. 2000).

**A.**     **Multiple Prosecutions**

Corbus argues that, because reckless driving is a lesser included offense of eluding a police officer and because he pled guilty to reckless driving before he pled guilty to eluding, he was subjected to multiple prosecutions for the same offense in violation of the Double Jeopardy Clause. The state, however, is not prohibited by the Double Jeopardy Clause from charging a defendant with greater and lesser included offenses and prosecuting those offenses together in a single prosecution. *Ohio v. Johnson*, 467 U.S. 493, 500 (1984). A determination of guilt on one count of a multi-count indictment does not immediately raise a double jeopardy bar to continued prosecution on any remaining greater or lesser count. *Id.* at 501. Here, Corbus was charged, in the same information, with both reckless driving and eluding a police officer and was prosecuted simultaneously for both offenses. Acceptance of Corbus's guilty plea to reckless driving did not preclude the state from continuing its prosecution on the greater offense of eluding a police officer. Therefore, the district court did not err in denying Corbus's motion to dismiss made on the ground that he could not be subjected to multiple prosecutions in violation of the Double Jeopardy Clause of the United States and Idaho Constitutions.

**B.**     **Multiple Convictions and Punishments**

Corbus also argues that he was subjected to multiple convictions and punishments for the same offense in violation of the Double Jeopardy Clause because he was convicted and sentenced for both reckless driving and eluding a police officer. Corbus did not, however, raise the issue of multiple convictions and punishments in the court below--only a claim of multiple prosecutions. Idaho decisional law has long-allowed appellate courts to consider a claim of error to which no objection was made below if the issue presented rises to the level of fundamental error. *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). Recently, in *State v. Perry*, ___ Idaho ___, 245 P.3d 961 (2010), the Idaho Supreme Court restated the definitions it had previously utilized to describe what may constitute fundamental error. The *Perry* Court held that an appellate court should reverse for an unobjected-to error when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) the error is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) the error affected the outcome of the trial proceedings. *Id.* at ___, 245

P.3d at 978. In applying *Perry*, we initially note that Corbus brings his double jeopardy claim under both the United States and Idaho Constitutions.

1.  **Claim under the United States Constitution**

Under the first prong of *Perry*, we must determine whether Corbus has shown that his unwaived constitutional right against multiple convictions and punishments under the United States Constitution has been violated. The United States Supreme Court applies a statutory theory to determine whether a defendant's prosecution or conviction and punishment for two offenses violates the Double Jeopardy Clause of the United States Constitution. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932). The *Blockburger* test provides that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there have been two offenses or only one for double jeopardy purposes is whether each statutory provision requires proof of an additional fact which the other does not. *Id.* at 304. In consecutive prosecutions, if two offenses have been determined to be one offense under the *Blockburger* test, then convicting and punishing a defendant for both offenses is a violation of the Double Jeopardy Clause. *Brown v. Ohio*, 432 U.S. 161, 168-69 (1977).

Applying the *Blockburger* test in this case, we conclude that there has been no violation of Corbus's double jeopardy rights under the United States Constitution. Reckless driving and felony eluding constitute two separate offenses because each crime requires proof of at least one element that the other does not. Reckless driving requires, among other elements, that a person drive "upon a highway, or upon public or private property open to public use." I.C. § 49-1401(1).[1] Felony eluding a police officer does not contain this element. *See* I.C. § 49-1404.[2]

---

[1]   Idaho Code Section 49-1401(1) provides:
> Any person who drives . . . any vehicle upon a highway, or upon public or private property open to public use, carelessly and heedlessly or without due caution and circumspection, and at a speed or in a manner as to endanger or be likely to endanger any person or property, or who passes when there is a line in his lane indicating a sight distance restriction, shall be guilty of reckless driving . . .

[2]   Idaho Code Section 49-1404 provides, in pertinent part:
> (1)   Any driver of a motor vehicle who willfully flees or attempts to elude a pursuing police vehicle when given a visual or audible signal to bring the vehicle to a stop is guilty of a misdemeanor. . . .

4

Felony eluding a police officer requires, among other elements, that a person "willfully flees or attempts to elude a pursuing police vehicle when given a visual or audible signal to bring the vehicle to a stop." I.C. § 49-1404(1). Reckless driving does not contain this element. *See* I.C. § 49-1401(1). Thus, the crimes of reckless driving and felony eluding a police officer constitute two separate offenses under the *Blockburger* test because each contains an element that the other does not. Corbus has not shown that his right under the Double Jeopardy Clause of the United States Constitution against being subjected to multiple convictions and punishments has been violated because there is no prohibition against conviction and punishment for two separate offenses. Therefore, Corbus has failed, under the first prong of the *Perry* test, to show fundamental error with regard to his double jeopardy claim which arises under the United States Constitution. Consequently, we will not further address this argument on appeal.

## 2. Claim under the Idaho Constitution

We must also determine whether Corbus has shown fundamental error with regard to his double jeopardy claim which arises under the Idaho Constitution. We conclude that Corbus's argument that he was subjected to multiple convictions and punishments under the Idaho Constitution does not demonstrate fundamental error because the second prong, requiring that the error "plainly exists," was not met.

We consult federal case law in elucidating the second prong of the *Perry* test because our Supreme Court drew heavily upon the federal plain error doctrine in arriving at the *Perry* definition of fundamental error. According to the United States Supreme Court's decision in *United States v. Olano*, 507 U.S. 725 (1993), "plain" is synonymous with "'clear' or, equivalently, 'obvious.'" *Id.* at 734. Thus, the inquiry is whether "the error is clear under

---

> (2) An operator who violates the provisions of subsection (1) and while so doing:
>     (a) Travels in excess of thirty (30) miles per hour above the posted speed limit;
>     (b) Causes damage to the property of another or bodily injury to another;
>     (c) Drives his vehicle in a manner as to endanger or likely to endanger the property of another; or
>     (d) Leaves the state;
> is guilty of a felony.

current law," *id*., or, as articulated by the Ninth Circuit Court of Appeals, whether the "available authorities provide a clear answer to the question." *United States v. Thompson*, 82 F.3d 849, 855 (9th Cir. 1996). In *Thompson*, the court held that an issue raised for the first time on appeal was not "plain error" because there was at least some room for doubt about the outcome of this issue since there was no controlling United States Supreme Court precedent and the other circuits were split. *Id.* at 855-56. *Accord United States v. Salinas*, 480 F.3d 750, 759 (5th Cir. 2007) (holding there was not plain error where the circuit's law was unsettled on the issue and other circuits had reached divergent conclusions); *United States v. Humphrey*, 164 F.3d 585, 588 (11th Cir. 1999) (holding where no precedent clearly resolved the defendant's claim of error, the error was not "obvious" and thus could not be reviewed under the plain error doctrine); *United States v. Alli-Balogun*, 72 F.3d 9, 12 (2d Cir. 1995) (holding that a claimed error could not be plain error when the Supreme Court and the Second Circuit had not spoken on the subject and the authority in the other circuits was split). We therefore conclude that the second element of the *Perry* test for fundamental error, requiring that the error "plainly exists," necessitates that the appellant show that existing authorities have unequivocally resolved the issue in the appellant's favor.

a.      **Idaho Supreme Court precedent**

The Idaho Supreme Court has analyzed potential violations of the Double Jeopardy Clause of the Idaho Constitution using a different set of criteria than violations of the Double Jeopardy Clause of the United States Constitution. *See State v. Thompson*, 101 Idaho 430, 434-35, 614 P.2d 970, 974-75 (1980). In *Thompson*, the defendant was charged, in a single prosecution, with assault with a deadly weapon and attempted robbery. Thompson pled guilty to both charges. The district court dismissed the assault with a deadly weapon charge, finding that punishing Thompson cumulatively for both charges would be in violation of the Double Jeopardy Clause because attempted robbery was a lesser included offense of assault with a deadly weapon. Thompson appealed arguing that his conviction and punishment for both charges violated the Double Jeopardy Clause of both the United States and Idaho Constitutions.

On appeal, the *Thompson* Court applied a pleading theory of a lesser included offense to determine whether the district court erred in finding a violation of the Double Jeopardy Clause had occurred. *Id.* at 433-35, 614 P.2d 973-75. Under the pleading theory, as laid out in *Thompson*, a court must consider whether the terms of the charging document allege that both offenses arose from the same factual circumstances such that one offense was the means by

6

which the other was committed. *See Thompson*, 101 Idaho at 435, 614 P.3d at 975; *State v. McCormick*, 100 Idaho 111, 115, 594 P.2d 149, 153 (1979); *State v. Hall*, 88 Idaho 117, 123, 397 P.2d 261, 263-64 (1964); *State v. Anderson*, 82 Idaho 293, 301, 352 P.2d 972, 976 (1960). Because the pleading theory relies on an examination of the charging information, it generally provides a broader definition of greater and lesser included offenses than a statutory theory approach as in *Blockburger*. *Thompson*, 101 Idaho at 433-34, 614 P.2d at 973-74.

The Idaho Supreme Court next addressed a claim of double jeopardy in *Sivak v. State*, 112 Idaho 197, 731 P.2d 192 (1986). In *Sivak*, the defendant was found guilty by a jury of both robbery and felony murder. Sivak appealed, arguing that his conviction for both offenses violated the Double Jeopardy Clause of the United States Constitution because the robbery was the felony that formed the basis for the felony murder conviction.[3] *Id.* at 211, 731 P.2d at 206. The Idaho Supreme Court said it would follow *Thompson* and apply the pleading theory to determine whether there was a violation of the Double Jeopardy Clause. *Sivak*, 112 Idaho at 211-12, 731 P.2d at 206-07. The *Sivak* Court, however, articulated a different pleading theory test than the one used in *Thompson*. *Sivak*, 112 Idaho at 211, 731 P.2d at 206; *see also McCormick*, 100 Idaho at 114, 594 P.2d at 152. Instead of focusing on the facts alleged in the charging documents, the *Sivak* Court focused on whether the elements of robbery were necessary to sustain a conviction for felony murder. *Sivak*, 112 Idaho at 211, 731 P.2d at 206. The Court held that, under the facts of the case, robbery was a lesser included offense of felony murder because "all the elements required to sustain a conviction of robbery were also within the elements needed to sustain a conviction of felony murder." *Id.* The Court noted that this

---

[3]    It is somewhat unclear from the *Sivak* opinion whether Sivak was bringing his double jeopardy claim under the Idaho and United States Constitutions or only under the United States Constitution. At the beginning of the opinion the Court states: "Sivak now appeals and raises the following arguments based on both the United States and the Idaho Constitutions. We will address additional facts as they arise in the context of each issue below." *Sivak*, 112 Idaho at 199, 731 P.2d at 194. Under subsection V, which deals directly with the double jeopardy argument, however, the Court states that Sivak further alleges a violation of his right under the Fifth and Fourteenth Amendments to the United States Constitution not to be twice put in jeopardy for the same offense. *Sivak*, 112 Idaho at 211, 731 P.2d at 206. By analyzing only the United States Constitution claim, it was unclear whether both constitutional claims were at issue or whether the Court was implying that the Idaho constitutional claim involved the same analysis as the United States constitutional claim.

elements theory is "in essence" the same as the *Blockburger* test. *Sivak,* 112 Idaho at 211 n.8, 731 P.2d at 206 n.8. The Court also noted that, under the facts of the case, it would reach the same conclusion whether it applied the *Blockburger* test or the broader pleading theory. *Id*.

The Idaho Supreme Court next addressed a claim of double jeopardy in *State v. Pizzuto*, 119 Idaho 742, 810 P.2d 680 (1991), *overruled on other grounds by State v. Card,* 121 Idaho 425, 825 P.2d 1081 (1991). As in *Sivak*, Pizzuto was found guilty by a jury of both robbery and felony murder. *Pizzuto*, 119 Idaho at 756, 810 P.2d at 694. Pizzuto argued that his conviction and punishment for both offenses violated the Double Jeopardy Clause of both the Idaho and United States Constitutions because robbery was a lesser included offense of felony murder. *Id*. at 757, 810 P.2d at 695. Relying extensively on *Sivak*, the Court held that Pizzuto's conviction and punishment for both felony murder and robbery was in violation of the Double Jeopardy Clause of both constitutions because "all the elements required to sustain a conviction of robbery were also within the elements needed to sustain a conviction of felony murder." *Pizzuto*, 119 Idaho at 758, 810 P.2d at 696. The Court also cited to *Whalen v. United States*, 445 U.S. 684 (1980) in support of this proposition, implying it would reach the same conclusion whether it applied the pleading theory or the *Blockburger* test. *Pizzuto*, 119 Idaho at 758, 810 P.2d at 696.

The Idaho Supreme Court most recently addressed a double jeopardy claim in *State v. Stewart*, 149 Idaho 383, 234 P.3d 707 (2010). Having previously been convicted of misdemeanor stalking, Stewart was charged with felony stalking. In a motion to dismiss, Stewart contended that the prosecution intended to use the incidents on which the misdemeanor conviction was based as the course of conduct needed to establish the felony charge. *Id*. at 389, 234 P.3d at 713. The district court denied Stewart's motion to dismiss. Stewart appealed, arguing that his right against double jeopardy under both the Idaho and United States Constitutions had been violated.[4] *Id*. The Idaho Supreme Court analyzed Stewart's double jeopardy claims using the *Blockburger* test. *Id*. After applying the *Blockburger* test, the Court went on to cite to the same portion of *McCormick* as was used by the Court in *Sivak* and *Pizzuto*.

---

[4] The opinion does not expressly state that Stewart brought his double jeopardy claim under both the Idaho and United States Constitutions. The Court noted, however, that the "double jeopardy clauses in the Idaho and federal constitutions prohibit putting one in jeopardy twice for the same crime." *Stewart*, 149 Idaho at 389, 234 P.3d at 713.

*Stewart*, 149 Idaho at 389 n.4, 234 P.3d at 713 n.4.  Citing to both *Blockburger* and *McCormick* implies that the *Stewart* Court would reach the same conclusion under either test.

        **b.**        ***Blockburger* and the pleading theory**

Our review of Idaho Supreme Court precedent demonstrates that the Court has not been entirely consistent in its application of either the *Blockburger* test or the pleading theory in double jeopardy cases.  In *Thompson*, the defendant brought his claim under both the United States and Idaho Constitutions.  The Court held that the pleading theory applied to Thompson's claims.  In coming to this conclusion, the *Thompson* Court acknowledged that the United States Supreme Court applies the *Blockburger* test but it noted, in dicta, that *Blockburger* sets forth only the minimum standards required to avoid a violation of the Double Jeopardy Clause. *Thompson*, 101 Idaho at 435 n.5, 614 P.2d at 975 n.5.  The Court also noted that it did not apply the *Blockburger* test because it was not argued to the court by either of the parties.  *Thompson*, 101 Idaho at 435 n.5, 614 P.2d at 975 n.5.  Because the Idaho Supreme Court may not overrule *Blockburger*, we must assume the *Thompson* Court meant for the pleading theory test to apply only to double jeopardy claims arising under the Idaho Constitution.  Therefore, we conclude that, when a defendant brings a double jeopardy claim under both the Idaho and United States Constitutions, *Thompson* would require that we apply the pleading theory[5] to determine whether there has been a violation of the Double Jeopardy Clause under the Idaho Constitution and the *Blockburger* test to determine whether there has been a violation under the United States Constitution.

This conclusion is called into question, however, by subsequent Idaho Supreme Court precedent.  The Court has generally applied the *Blockburger* test in cases arising under only the Double Jeopardy Clause of the United States Constitution.  *See State v. Osweiler*, 140 Idaho 824, 103 P.3d 437 (2004); *State v. Lewis*, 123 Idaho 336, 848 P.2d 394 (1993).  In *Thompson*, the Court applied a broader pleading theory to an Idaho constitutional claim.  However, *Stewart*, *Pizzuto*, and *Sivak* seem to apply an elements theory more akin to *Blockburger* than *Thompson* in Idaho constitutional claims.  Idaho Supreme Court precedent does not, therefore, unequivocally resolve the issue of whether this Court should apply the *Blockburger* test, the pleading theory , or

---

[5]     As noted above, it is unclear whether the Idaho Supreme Court has moved away from the pleading theory of *Thompson* to an "elements theory" which, when applied in this case, results in the same conclusion as the *Blockburger* test.

the elements theory to Corbus's double jeopardy claims under the Idaho Constitution. Therefore our review of Idaho Supreme Court precedent does not unequivocally resolve the issue in Corbus's favor.

If we applied the pleading theory as described *Thompson*, we would conclude that Corbus was subjected to double jeopardy. In applying *Thompson* we must examine the information with which Corbus was charged to determine whether reckless driving is a lesser included offense of eluding a police officer. The information charging Corbus with eluding a police officer stated:

> [Corbus] willfully attempted to elude a pursuing police vehicle after being given a visual signal to stop, and in so doing . . . traveled . . . in excess of 100 m.p.h. [or] . . . drove his vehicle in a manner as to endanger or be likely to endanger the property of another or the person of another, to-wit: the Defendant drove in a reckless manner including speeding in excess of 100 m.p.h., passing other vehicles, and turning off his headlights after sunset . . . .

The information charging Corbus with reckless driving stated:

> [Corbus drove] carelessly and heedlessly; without due caution and circumspection and/or at a speed or in a manner to be likely to endanger persons or property; by driving in excess of 100 m.p.h. with his headlights turned off after 9:18 p.m., with other vehicles on the roadway . . . .

The language of the information reveals that reckless driving was charged as the means of committing the crime of eluding a police officer. The eluding charge states that Corbus "drove in a reckless manner" in his attempt to elude police. The language used in both counts lays out the same factual circumstances as the basis for each offense. The means by which Corbus eluded the police--driving in excess of 100 mph, passing other vehicles, turning off his headlights after sunset, and endangering the person or property of another--are the same means by which Corbus drove recklessly. The state also conceded in its briefing that reckless driving is a lesser included offense of eluding a police officer, and this Court has previously recognized that reckless driving can be a lesser included offense of eluding a police officer. *See State v. Miller*, 131 Idaho 288, 294, 955 P.2d 603, 609 (Ct. App. 1997). Under the *Thompson* formulation and the information with which Corbus was charged, therefore, reckless driving is a lesser included offense of eluding a police officer and Corbus's conviction and punishment for both offenses was in violation of the Double Jeopardy Clause of the Idaho Constitution.

If we applied the pleading theory as described *Stewart*, *Pizzuto*, and *Sivak*, we would conclude that Corbus was not subjected to double jeopardy because not all the elements of

10

reckless driving are contained within the elements of eluding. Reckless driving requires that a person drive "heedlessly and recklessly," and "on a highway, or upon public or private property open to public use." I.C. § 49-1401(1). Felony eluding a police officer, however, does not contain these elements. *See* I.C. § 49-1404. Under *Stewart*, *Pizzuto*, and *Sivak*, therefore, reckless driving is not a lesser included offense of eluding a police officer and Corbus's conviction and punishment for both offenses was not in violation of the Double Jeopardy Clause of the Idaho Constitution.

Our review of the Idaho Supreme Court cases including *Stewart, Pizzuto*, *Sivak*, and *Thompson* demonstrates that the available authority does not provide a clear answer to the question of which analytical theory should be applied in double jeopardy cases which allege a violation of the Double Jeopardy Clause of the Idaho Constitution. It is not clear from existing precedent whether the *Blockburger* test, the pleading theory used in *Thompson*, or the pleading theory used in *Stewart, Pizzuto,* and *Sivak* should properly be applied in this case. In addition, application of each of these theories would result in contradictory conclusions. Therefore, Corbus has failed, under the second prong of the *Perry* test, to show fundamental error with regard to his double jeopardy claim which arises under the Idaho Constitution. Consequently, we will not further consider this argument on appeal.

### III.
### CONCLUSION

The district court did not err in denying Corbus's motion to dismiss because Corbus was not subjected to multiple prosecutions in violation of the Double Jeopardy Clause. In addition, Corbus failed to demonstrate that his unobjected-to error concerning multiple convictions and punishments under the United States and Idaho Constitutions rose to the level of fundamental error. Therefore, Corbus's judgment of conviction for felony eluding a peace officer and misdemeanor reckless driving are affirmed.

Chief Judge GRATTON and Judge LANSING, **CONCUR.**

11